OPINION
Appellant, Richard A. Daly, appeals a judgment of the Court of Common Pleas of Marion County convicting him on four counts of gross sexual imposition and finding him to be a sexual predator. For the reasons that follow, we affirm the judgment of the trial court.
Appellant is the great uncle of two of the victims in this case, Courtney and her brother, Kristopher. Between 1998 and 1999, Courtney, Kristopher, and their friend, Maggie, all of whom were under the age of thirteen, were involved in incidents with Appellant. During this period of time, the children would regularly visit with Appellant at his home and would occasionally spend the night there. Appellant would often look after the children while they were at his home and would supervise recreational activities with them.
When the children would visit Appellant's home, however, Appellant would frequently force them to view pornographic material. Appellant also exposed himself to the children and, on several occasions, touched himself inappropriately in front of them. In addition to the above incidents, Appellant engaged in sexual contact with several minor children.
After the aforementioned incidents were discovered, the Marion County Children Services Board was contacted and child abuse investigators interviewed the children. On March 4, 1999, Appellant was indicted on six counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony, and five counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(3)(d), a first-degree misdemeanor. On March 8, 1999, Appellant entered a plea of not guilty to the charges. Appellant then waived his right to a jury trial, and on July 21, 1999 these matters came on for trial to the court.
During the trial, Appellant moved the court for an acquittal pursuant to Crim.R. 29, which the court denied. On September 7, 1999, the trial court found Appellant guilty of four counts of gross sexual imposition and four counts of disseminating matter harmful to juveniles, acquitting him on the remaining charges.
On November 29, 1999, Appellant appeared in court for sentencing; however, the court continued sentencing on one of the charges of disseminating matter harmful to juveniles to December 20, 1999. Additionally, on November 29, 1999, the trial court conducted a sexual predator hearing pursuant to R.C.2950.09(B)(1). Thereafter, on December 22, 1999, the trial court entered judgment sentencing Appellant to a term of six years in prison. The trial court also found, by clear and convincing evidence, that Appellant is a sexual predator.
Appellant now appeals the denial of his Crim.R. 29 motion with respect to the gross sexual imposition convictions, and the trial court's sexual predator classification, assigning two errors for our review.
Assignment of Error No. 1
 Defendant's convictions for gross sexual imposition were not supported by sufficient evidence and were, in fact, against the manifest weight of the evidence. The trial court erred in denying Defendant's motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
Regarding the legal standards of sufficiency of the evidence and manifest weight of the evidence, the Supreme Court of Ohio has stated that they are both "quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Whereas sufficiency is a test of adequacy, weight of the evidence refers to "the inclination of the greater amount ofcredible evidence, offered in a trial, to support one side of the issue rather than the other." Id. at 387, quoting Black's Law Dictionary (6 Ed. 1990) at 1594.
Because sufficiency and weight are two distinct legal standards, we must address each argument separately.
Sufficiency of the Evidence
Appellant raises the sufficiency argument with respect to the trial court's denial of his motion for acquittal pursuant to Crim.R. 29, which provides in pertinent part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
* * *
In addressing the sufficiency standard in Crim.R. 29, the Ohio Supreme Court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus.
Ohio Revised Code Section 2907.05 defines the offense of gross sexual imposition as:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
The record herein reflects the following pertinent evidence. At trial, Maggie testified that on several occasions when she was at Appellant's home waiting to go swimming, Appellant took her bare foot and rubbed it against his exposed penis. Maggie stated that she was putting sunscreen on when Appellant just walked up to her without any clothes on and began rubbing her foot against himself. Maggie also testified that on another occasion Appellant inappropriately touched her private area at a bowling alley when Appellant had taken her and several other children bowling. Additionally, Maggie testified that Appellant subsequently threatened her, held her head under water at a swimming pool, and warned her not to tell her parents about any of the incidents.
Maggie's testimony was corroborated by Courtney who testifiedat trial that she witnessed Appellant rub Maggie's foot againsthis penis on one occasion. Courtney stated that Maggie waswearing her bathing suit, and Appellant did not have any clotheson. Courtney also testified that although she did not witnessAppellant touch Maggie at the bowling alley, Maggie told her aboutthe incident outside the bowling alley shortly after it happened.In addition to Courtney's testimony, Kristopher also testifiedthat he witnessed Appellant rub Maggie's foot against his exposedpenis.
The record herein also reflects that on one occasion Appellant had sexual contact with another minor child named Shyra. At trial, Shyra testified that she would often visit Appellant at the convenience store where he was employed and help him with small chores such as rearranging items of candy on the shelves. On one occasion when Appellant and Shyra were alone together in the store, Appellant inappropriately touched Shyra. Additionally, Appellant told Shyra to lift up her dress and made inappropriate remarks to her.
In support of his argument that the evidence is insufficient tosustain a conviction, Appellant claims that there are a number ofinconsistencies between the children's trial testimony, and theirout-of-court statements made to Staci Stought, a child abuseinvestigator with the Marion County Children Services Board.Additionally, Appellant claims that there are a number ofexaggerations in the children's testimony.
With respect to the children's testimony, Staci Stought testified that younger and smaller children often do not discuss incidents of victimization because they do not view the behavior of the offender as abusive. She also testified that it is not uncommon for small children to omit portions of the full story because they disassociate themselves from the victimization. The children are simply not able to talk about the abuse because it is too painful for them.
Although we recognize that there are certain inconsistencies in the children's testimony and their out-of-court statements, the trial court is in the best position to determine the veracity of the testimony. In addressing the sufficiency standard, it is not our function to evaluate the witness' credibility. This court determines only whether there is sufficient evidence in the record with which a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. After reviewing the record herein, we find that the evidence is legally sufficient to sustain the criminal conviction.
Therefore, because we find that the evidence is legally sufficient, we hold that the trial court did not err in denying Appellant's motion for an acquittal pursuant to Crim.R. 29.
Manifest Weight of the Evidence
Appellant also argues that the trial court's decision with respect to the gross sexual imposition convictions is against the manifest weight of the evidence.
The proper standard to employ when considering an argument that a conviction is against the manifest weight of the evidence has been set forth as follows:
 The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the [fact-finder] clearly lost its way * * *
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, 78 Ohio St.3d at 387. A complete review of the record, as recited in the prior discussion, does not lead this court to conclude that the trial court clearly lost its way in rendering a guilty verdict.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
Assignment of Error No. 2
 The trial court erred in finding the Defendant was a sexual predator.
R.C. 2950.09(C)(2) provides that a trial court's sexual predator determination should be supported by clear and convincing evidence, which is defined as:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
In reviewing a decision purportedly founded upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy this degree of proof. Schiebel, 55 Ohio St.3d at 74. However, "[a]n appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." Id., citing Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80.
In Ohio, a sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses." See R.C. 2950.01(E). In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors, including, but not limited to, the following:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)
Initially, we note that the plain language of R.C.2950.09(B)(2) provides that the list of factors contained therein is certainly not exhaustive. In that light, the trial court properly noted the following evidence. Appellant was approximately forty-six years old at the time of the offenses while the victims were all under the age of thirteen, resulting in a substantial age discrepancy. Additionally, the trial court noted that there were multiple victims in this case.
The trial court also noted that there was a pattern of sexual abuse. In addition to the aforementioned instances of sexual contact, Maggie testified at trial that she and her friends were frequently forced to view pornographic films while visiting with Appellant at his home. Maggie also testified that while she and the other children were at Appellant's home, Appellant would often walk around in front of the children without any clothes on. On several occasions Maggie witnessed Appellant applying lotion to his penis and masturbating in front of her.
Courtney also testified that when she would visit Appellant at his home Appellant would frequently come out of the shower and walk around without any clothes on. Although she never saw any pornographic films at Appellant's home, Courtney testified that she could hear them being played on the television. On one occasion when Courtney was spending the night at Appellant's home, she heard Maggie say that dirty movies were playing on the television. Additionally, Kristopher testified that when he was at Appellant's home on several occasions he viewed pornographic films and saw pornographic magazines. Kristopher also testified that he witnessed Appellant walk around his home without any clothes on, and on one occasion he witnessed Appellant applying lotion over his entire body.
At the sexual predator hearing the court also heard testimonyfrom Assistant Prosecuting Attorney, Rhonda Burggraf, regarding aconversation she had with a woman named Kathy Johnson. Ms.Burggraf testified that Kathy Johnson contacted her after readingAppellant's name in a local newspaper. Kathy Johnson told Ms.Burggraf that approximately twenty-eight years ago when she wasaround thirteen years old, Appellant invited her over to his housewhere he asked her to watch pornographic movies with him. Whenshe declined, Appellant began masturbating and asked her toundress herself in front of him. Ms. Burggraf testified thatKathy Johnson told her she was embarrassed and never reported theincident but has now come forward because she was disappointed inherself for never reporting it to anyone.
The record also reflects that the trial court considered the pre-sentence investigation report prepared by the Adult Probation Department. In addition, the trial court considered the results of a psychological evaluation administered by James F. Sunbury, Ph.D., a forensic psychologist. During the psychological evaluation, Appellant admitted to showing pornographic material to the children, saying that it sexually excited him. Dr. Sunbury noted that Appellant was generally evasive in his responses to questions, and expressed little remorse or feelings of guilt concerning his behavior. Dr. Sunbury also noted that Appellant is a "regressed" sex offender who feels more comfortable in the presence of children than with adults. Ultimately, Dr. Sunbury diagnosed Appellant with a depressive disorder, pedophilia, and a personality disorder.
After examining the entire record and the relevant factorscontained in R.C. 2950.09(B)(2), we conclude that there wassufficient evidence for the trial court to determine, by clear andconvincing evidence, that Appellant is a sexual predator.
Accordingly, Appellant's second assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, inthe particulars assigned and argued, we affirm the judgment of thetrial court.
 ____________________________ WALTERS, J.
SHAW and BRYANT, JJ., concur.